IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAXINE COMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05cv0568-VPM |
| | ) | [WO] |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Maxine Comer ["Comer"] filed this action seeking review of a final decision of the defendant ["Commissioner"] (Doc. # 1) pursuant to 42 U.S.C. § 405(g) (2000). Upon review of the record and the briefs submitted by the parties, the court finds that the Commissioner's decision should be reversed and remanded.

**DISCUSSION**

Comer challenges a final decision of the Commissioner denying her application for disability insurance benefits on the grounds that the administrative law judge ["ALJ"] who presided over her administrative hearing (1) improperly evaluated her subjective complaints and (2) failed to account for the mental demands of her past relevant work, to which the ALJ concluded Comer could return. (R. 16-17). The court need not address the specific arguments Comer raises, however, because the incomplete transcript of the administrative hearing renders the Commissioner's decision unsupported by substantial evidence.

As an example, with respect to Comer's subjective complaints, the court notes the

following exchange between Comer and ALJ David R. Murchison:

Q      Okay.  And would you tell me, ma'am, about your
        disability?  What are the problems that you're having that
        you believe keep you from being able to work now?

A      (INAUDIBLE) difficulty (INAUDIBLE)

Q      You're doing great.  You're doing great.

A      I don't (INAUDIBLE).   That's one of my problems.
        (INAUDIBLE).

Q      Okay.  Do you take any medication for that?

A      I have (INAUDIBLE) medications, but they weren't
        working for me (INAUDIBLE) make me feel more
        depressed, more like a zombie, like some drugs
        (INAUDIBLE).

Q      Okay.  Now the government asked you to go see a doctor.
        I think his name was Mark Ellis.  Do you remember going
        to see a Dr. Ellis in maybe Enterprise?

A      Dr. Ellis?

Q      Yeah.

A      You mean – I had –

Q      Back in May of this year, I think.

A      Oh, yes.  It was (INAUDIBLE).

Q      Okay.

A      (INAUIDBLE).

Q      Okay.  Did he treat your [sic] respectfully?

A      Well, (INAUDIBLE).

Q      Okay.

A      (INAUDIBLE)

Q      You didn't spend a lot of time with him?

A      (INAUDIBLE).  I was having difficulty (INAUDIBLE).

Q      Okay.

A      And I had a situation (INAUDIBLE).

Q      Okay.  Now could you tell me, who is William Block?

(R. 24-25).

The following exchange between Comer and her attorney suggests that Comer's apparent

inaudibility may not have been due to Comer's lack of clarity or ability to speak loud enough:

Q      (INAUDIBLE) your depression, does it affect you in other
       ways?    What about like concentration, sleeping
       (INAUDIBLE)?

A      Yes, ma'am.   (INAUDIBLE) and I have had at least
       (INAUDIBLE).

Q      So you don't take, you don't take something to help you
       sleep.  How many hours of sleep you would [sic] get a
       night?

A      (INAUDIBLE) four, like four (INAUDIBLE).  Like I said
       the reason I don't like to take (INAUDIBLE) after you've
       taken the pills (INAUDIBLE).

Q      Okay.  When you're depressed so you - - are you able to
       focus and concentrate?   How does it affect your
       concentration?

A      (INAUDIBLE).

Q      And I think the day that you said you became disabled that

3

you had a breakdown at work did something happen there?

A      Yes.

Q      (INAUDIBLE)

A      Well, I had been (INAUDIBLE) but that was because I, I (INAUDIBLE) for the first time, you know.  I worked (INAUDIBLE), and I always got good evaluations.  When I started working here in (INAUDIBLE) and that was stressful.  There were so many (INAUDIBLE) .  And then another (INAUDIBLE) and so it came down to where I had (INAUDIBLE).

Q      (INAUDIBLE) around your house during the day (INAUDIBLE)?

A      (INAUDIBLE) I try to keep (INAUDIBLE).  I have (INAUDIBLE).

Q      And how much time during the day or how many hours would you say that you probably (INAUDIBLE)?

A      (INAUDIBLE)?

Q      Um-hum.

A      (INAUDIBLE) different times. Sometimes (INAUDIBLE) maybe (INAUDIBLE).

Q      (INAUDIBLE) medicine that you need.  How much - - you were seeing a Dr. Hicks for a while, right?

A      (INAUDIBLE).

Q      (INAUDIBLE).

A      (INAUDIBLE).   It worked when it first started (INAUDIBLE).

Q      And then Dr. (INAUDIBLE), is that your (INAUDIBLE) doctor that you see?

4

A        (INAUDIBLE).

Q        Can you tell us what medications you were taking (INAUDIBLE)?

A        (INAUDIBLE)

Q        (INAUDIBLE) tried you on any (INAUDIBLE)?

A        (INAUDIBLE).

Q        And do you have some physical impairments that kind of affect you (INAUDIBLE)?

A        (INAUDIBLE).

Ha:      I can't hear her.

CLMT:        (INAUDIBLE)

BY ATTORNEY:

Q        (INAUDIBLE)?

A        (INAUDIBLE).

Q        (INAUDIBLE)?

A        (INAUDIBLE) and I don't (INAUDIBLE) overwhelmed (INAUDIBLE).

ATTY: I don't have anything else now.

ALJ: Okay.

(R. 26-28).[1]

    Regardless of the cause, these excerpts portray the hearing in a farcical light and provide

---

    [1]Comer correctly noted that "the majority of [her] testimony at her hearing was designated as "inaudible" (Doc. # 11, p. 8).

the court more than sufficient cause for concluding that the entire transcript is unreliable.  While it may be possible that the ALJ's factual findings regarding the hearing testimony were based on his personal recollection, this court's ruling must derive from the evidence in the record, including most significantly, the transcript.  *See*, *e.g.*, ***Owens v. Heckler***, 748 F.2d 1511, 1514 (11th Cir. 1984) ("[A]lthough we defer to both the [Commissioner's] factfinding and her policy judgments, we must still make certain that she has exercised reasoned decision making.  To this end, we evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.")

Depending upon the challenges presented by a claimant, lack of a reliable hearing transcript may not be dispositive of the case.  For example, a claim that the ALJ did not sufficiently weigh written opinion evidence would not necessarily require reference to the hearing transcript to evaluate the merits of the challenge.  In this case, however, Comer's challenges directly relate to the hearing, and a transcript as unreliable as the one currently before the court cannot serve as support for the Commissioner's conclusions regarding any of the testimony received at the hearing, including that of the vocational examiner.

In other words, the court is unable to conclude that the Commissioner's decision to discredit the claimant's testimony as unsupported by the record is itself supported by the record without the ability to review the substance of Comer's testimony.  Because much of her testimony "inaudible," it is unreviewable.  Consequently, the Commissioner's decision is not supported by substantial evidence in the record.[2]

---

[2]Recognizing the likelihood that Comer's attorneys will seek an award of attorney fees for their work, the court notes that while her counsel mentioned the incomplete transcript in Comer's

**CONCLUSION**

Therefore, it is hereby

ORDERED that the Commissioner's decision is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to allow the Commissioner to conduct a new, comprehensive hearing. This should not be construed as a requirement to reevaluate Comer's claim beyond determining whether the new hearing either supports the original decision or necessitates further evaluation.

DONE this 25th day of May, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

supporting brief, they did not challenge the sufficiency of the record on that basis. Comer's success, therefore, which did not require the court to address the merits of her substantive challenges, should not be considered reflective of the quality of her legal representation.